## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM PIERCE | CIVIL ACTION 1:16-cv-06823 |
| Plaintiff, | |
| v. | COMPLAINT |
| BRIDGEPOINT EDUCATION, INC., d/b/a ASHFORD UNIVERSITY, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, WILLIAM PIERCE ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, BRIDGEPOINT EDUCATION, INC., ("BPI") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for BPI's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as BPI conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

5.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, was and remains domiciled in Cook County, Illinois.

6.   Defendant BPI is a publicly held, for-profit education services company based in San Diego, California. BPI owns Ashford University, which is a for-profit university that offers associate's, bachelor's, and master's degrees in more than 50 degree programs on campus and online. While a majority of students are enrolled in online courses, Ashford's traditional campus is located in Clinton, Iowa. BPI recruits students from all across the country, including in the State of Illinois.

### BPI'S SOLICITATION CALLS TO PLAINTIFF'S CELLULAR PHONE

7.   At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 9165. Plaintiff is and has always been financially responsible for the cellular phone and its services.

8.   In an effort to market to potential students and increase enrollment, BPI placed unsolicited phone calls to Plaintiff's cellular phone without his prior express consent.

9.   Plaintiff never provided BPI with his cellular phone number and does not know how BPI obtained his cellular phone number. Plaintiff never consented to, requested, or otherwise desired or permitted BPI to place calls to his cellular telephone.

10. On January 4, 2016, Plaintiff received a call on his cellular phone from the number (800) 798-0584. When Plaintiff answered, he said "hello," to which there was no response for

approximately 3 seconds. After the pause, a BPI representative introduced them self and stated that BPI is calling regarding potential enrollment in Ashford University.

11. On January 5, 2016, BPI placed or caused to be placed a telephone call to Plaintiff's cellular phone. Plaintiff picked up the call and demanded that BPI "take him off the call list, and to stop contacting him on his cellular phone." The BPI representative agreed to remove the Plaintiff from the list.

12. Despite BPI's representation that Plaintiff would be placed on the Do-Not Call list, BPI's unsolicited solicitation calls continued.

13. Between January 5, 2016 and March 26, 2016, Plaintiff demanded that BPI cease calls to his cellular phone on no less than 4 separate occasions during the phone calls he answered.

14. In all the phone calls that Plaintiff answered, there was the brief 3 second pause referenced above before a BPI agent spoke into the phone.

15. On March 26, 2016, BPI placed at least 10 phone calls from different phone numbers to Plaintiff's cellular telephone in an attempt to recruit Plaintiff to join a Ashford University program.

16. Notwithstanding Plaintiff's repeated demands that the calls cease, BPI placed or caused to be placed an average of 5 phone calls per day from January 4, 2016 through March 26, 2016, in an attempt to recruit Plaintiff into enrolling at Ashford University.

17. In total, BPI placed or caused to be placed no less than 483 phone calls to Plaintiff's cellular phone from January 4, 2016 through March 26, 2016, with calls taking place several times in one day, up to 10 times in a day.

**DAMAGES**

18. Plaintiff suffers from depression and anxiety.

19. BSI's relentless solicitation phone calls to his cellular phone have exasperated Plaintiff's depression and anxiety and has caused Plaintiff severe mental anguish and emotional distress.

20. BPI's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. BPI's phone harassment campaign and illegal solicitation activities have caused Plaintiff actual harm, including but not limited to, physical harm, depression, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to cease BPI's oppressive tactics.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. BPI placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, BPI used a predictive dialing system to place calls to Plaintiff's cellular telephone.

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

29. Upon information and belief, the predictive dialing system employed by BPI transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. BPI violated the TCPA by placing no less than 483 calls between January 4, 2016 and March 26, 2016, to Plaintiff's cellular phone, using an ATDS without his prior express consent.

31. As pled above, Plaintiff never provided his cellular phone number to BSI.

32. Moreover, Plaintiff demanded that BPI cease calls to his cellular phone on no less than 4 separate occasions during the phone calls he answered.

33. As pled above, Plaintiff was severely harmed by BPI's solicitation calls to his cellular phone.

34. Upon information and belief, BPI has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

35. Upon information and belief, BPI knew its solicitation practices were in violation of the TCPA, yet it continued to employ them to increase profits at Plaintiff's expense.

36. BPI, through its agents, representatives and/or employees acting within the scope of its authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), BPI is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), BPI's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff WILLIAM PIERCE requests that this Honorable Court:

a. Declare BPI's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 22 as through fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

40. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

41. BPI is engaged in commerce in the State of Illinois with regard to Plaintiff. BPI specializes in recruiting students from all across the country to attend Ashford University, including in the State of Illinois, which is within the stream of commerce and utilized in its regular course of business.

42. BPI violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to solicit and entice Plaintiff into attending Ashford University.

### a. Unfairness

43. It was unfair for BPI to harass the Plaintiff through relentless solicitation phone calls to his cellular phone attempting to induce and entice Plaintiff into attending Ashford University.

44. It was unfair for BPI to place or cause to be placed no less than 483 phone calls to Plaintiff's cellular phone from January 4, 2016 through March 26, 2016, without his consent, with calls taking place several times in one day, up to 10 times per day, and on the weekends.

45. It was unfair for BPI to continue placing calls to Plaintiff after he demanded that the calls cease on no less than 4 separate occasions.

46. It was unfair for BPI to place or caused to be placed phone calls from different phone numbers to Plaintiff's cellular telephone in an attempt to mask its identity and induce Plaintiff to answer its calls.

47. It was unfair for BPI to continue placing calls to Plaintiff's cellular phone after it represented that it would place the Plaintiff on the Do-Not Call list.

48. BPI's unfair conduct is inherently against public policy, immoral, unethical, and oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to his cellular phone.

49. Moreover, BPI's unfair conduct is against public policy because it needlessly subjects Illinois consumers to unsolicited solicitation calls, resulting in a substantial injury to Illinois consumers in the form of invasion of privacy.

50. Upon information and belief, BPI systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively solicit and entice consumers into attending Ashford University to increase its profitability at the consumers' expense.

51. Upon information and belief, placing unsolicited and harassing solicitation phone calls to Illinois consumers is an unfair business practice willfully employed by BPI and is done on a large scale.

52. Moreover BPI's unlawful and unfair telemarketing efforts gives it an unfair competitive advantage over businesses that solicit consumers lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

53. As alleged above, Plaintiff was substantially harmed by BPI's misconduct.

54. An award of punitive damages is appropriate because BPI's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and Illinois consumers, generally, and Plaintiff had no choice but to submit to the unsolicited phone calls.

WHEREFORE, Plaintiff WILLIAM PIERCE requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against BPI;

b.  Award Plaintiff his actual damages in an amount to be determined at trial;

c.  Award Plaintiff his punitive damages in an amount to be determined at trial;

d.  Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 29, 2016                                  Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188